IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **SHENORYA WOMACK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| **DOLGENCORP, LLC, et al.,** | ) 3:21-cv-755 |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Dolgencorp, LLC, pursuant to 28 U.S.C. § 1446, gives notice of removal of this cause from the Circuit Court of Russell County, Alabama to the United States District Court for the Middle District of Alabama – Eastern Division. There is no other named Defendant in Plaintiff's Complaint besides fictitious parties. As grounds for the removal of this case, Defendant states that removal is proper under 28 U.S.C. §§ 1332, 1441 and 1446, and shows as follows:

1. This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2. Plaintiff Shenorya Womack filed this lawsuit on October 1, 2021 in the Circuit Court of Russell County, Alabama where it was assigned Civil Action Number: 57-CV-2021-900182. A true and correct copy of the Complaint is found

in the complete state court file for Civil Action 57-CV-2021-900182 and is attached to, fully incorporated with and marked as **Exhibit A** to this Notice of Removal.

3. This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1446(b).

4. Plaintiff served Defendant with the Summons and Complaint on October 11, 2021. This Notice of Removal is timely filed in 28 U.S.C. § 1446(b). A true and correct copy of the Return of Service is attached to, incorporated with and marked as **Exhibit B** to this Notice of Removal.

5. According to the Complaint, Plaintiff is, and was at the time Plaintiff filed this Complaint, an adult resident of Russell County, Alabama. (Exhibit A: Complaint at pg. 1, ¶1). Defendant is now, and was at the time Plaintiff filed her Complaint, a limited liability company organized under the laws of the State of Kentucky with its principal place of business in Goodlettsville, Tennessee. Dolgencorp, LLC ("Dolgencorp") is the only properly named defendant in this action. The sole member of Dolgencorp, LLC is Dolgencorp LLC-Tennessee, which is located and domiciled in the state of Tennessee. (Id. at ¶2). Although the complaint names fictitious parties as defendants, the possible domicile or location of fictitious parties should not be considered when determining whether complete diversity of citizenship exists. 28 U.S.C. § 1441(b)(1). *See Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 561 (1992). There is complete diversity of citizenship in this case. Thus, this case is removable pursuant to 28 U.S.C. § 1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

6. Although evidentiary submissions are not required, there is substantial evidence that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Plaintiff's Complaint states that, "Plaintiff was an invitee was upon the premises of the Defendant in Russell County, Alabama, when Plaintiff slipped on a spilled substance and was injured." (Exhibit A: Complaint at pg. 2, ¶7). Plaintiff claims that Dolgencorp acted negligently and wantonly in allowing a hazardous condition on its floor. (Exhibit A: Complaint at pg. 2-4, ¶9-17). Plaintiff's Complaint claims she suffered personal injuries, pain, suffering and other damages. (Exhibit A: Complaint at pg. 4, ¶17). Plaintiff seeks an unspecified amount of compensatory and punitive damages for negligence and wantonness.

7. Plaintiff's Complaint does not contain a specific allegation as to the amount of its claimed damages. When a complaint does not state the amount in controversy, a notice of removal may do so. 28 U.S.C. § 1446(2)(A). *See also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (*quoting Williams v. Best Buy, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy

at the time the case was removed.")). A defendant need only make a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Company, LLC, et al. v. Owens*, 135 S. Ct. 547, 551 (2014) ("a statement 'short and plain' need not contain evidentiary submissions."). A removing party "must only show that the amount in controversy more likely than not exceeds the jurisdictional requirement," *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1258-59 (M.S. Ala. 2001) (DeMent, J.). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka*, 608 F. 3d at 754.

8. The Eleventh Circuit permits a district court to determine whether a case is removable based on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings. *Id.* "[W]hen a district court can determine, relying on it judicial experience and common sense, that a claim satisfies the amount-in-controversy requiremen[t], it need not give credence to a plaintiff's representation that the value of the claim is indeterminate." *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1064 (11th Cir. 2010). At least one court has interpreted the most recent amendment to 28 U.S.C. § 1446 as a clear statement of Congressional intent to slow down, if not prevent, federal courts from remanding diversity cases where there is no *ad damnum* clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000.00.

*Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333 (N.D. Ala. 2012). Otherwise, a "mini-trial would be required in every diversity case removed pursuant to 28 U.S.C. § 1446(c)(2)(A) and (B)." *Id.* at 1334.

9. While the Complaint does not specify the amount of damages sought, it can be reasonably concluded that Plaintiff's claim exceeds $75,000.00. Plaintiff is an adult individual residing in Russell County, Alabama (Exhibit A: Complaint at pg. 1, ¶1). According to Plaintiff's Complaint, Plaintiff suffered personal injuries, pain, suffering and other damages. (Exhibit A Complaint at pg. 3, ¶12). Based on the fact that Plaintiff asserts this list of injuries and damages, it is reasonable to infer Plaintiff's claims from that "more likely than not" result in damages exceeding the jurisdictional limits of this court. *See Bullock*, 165 F. Supp. 2d at 1258-59 (A removing party "must only show that the amount in controversy more likely than not exceeds the jurisdictional requirement.").

10. On January 6, 2021 the attorney representing Shenorya Womack at that time sent the Defendant a settlement demand letter with over 200 pages of medical records attached. The letter made a settlement demand of $115,000.00. (See January 6, 2021 letter attached as **Exhibit C**.) The settlement demand letter illustrates the amount in controversy more likely than not exceeds the jurisdictional requirement. *Bullock*, 165 F. Supp. 2d at 1258-59.

11. Plaintiff also asserts claims for punitive damages in her Complaint. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987) (citations omitted). Alabama law permits an award of punitive damages in an amount three times the compensatory damages awarded or $500,000.00, whichever is greater. *See* ALA. CODE § 6-11-20(a) (providing for an award of punitive damages where a defendant consciously or deliberately engaged in fraud); ALA. CODE §6-11-21(a) (capping punitive damages as indicated above). Moreover, an Alabama Federal Court has found that any punitive damages award that is "reasonably aimed at punishing a large company's fraudulent behavior [would have to be substantial]." *Battle v. Nationwide Ins. Co.*, No. 2:19-CV-01348-SGC, 2020 WL 978807, at *4 (N.D. Ala. Feb. 28, 2020) (*quoting Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009), *aff'd*, 613 F. 3d 1058 (11th Cir. 2010) ("any award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior . . . would have to be substantial.")).

12. Plaintiff has claimed punitive damages in her *ad damnum* clause following ¶19 of her Complaint. Where a Plaintiff asserts punitive damages against a business defendant, punitive damages may be awarded and, where the defendant is a business entity, punitive damages can be substantial, in spite of the statutory

damages cap. *See, e.g., Target Media Partners Operating Co., LLC v. Specialty Mktg. Corp.*, 177 So. 3d 843 (Ala. 2013) (Affirming judgment entered against magazine distributor in favor of publisher for compensatory damages of $851,552 for breach of contract, punitive damages of $630,000 for promissory fraud, and punitive damages of $503,400 for fraudulent misrepresentation); *Patel v. Patel*, 708 So. 2d 159 (Ala. 1998) (Affirming judgment entered on jury verdict for $85,908 in compensatory damages and $225,000 in punitive damages, a 2.6:1 ratio as reasonable where purchasers of motel sued seller for breach of contract and fraudulent misrepresentation); *Scroggins Complete Lighting Source, Inc. v. Deng Victor DM Technology & Energy, Inc.*, 28 Nat. J.V.R.A. 5:C9, 2013 WL 3214070, Circuit Court of Jefferson County, Alabama, CV-2007-000563 (Apr. 3, 2013) (Jury verdict in favor of inventor in the amount of $1.5 million in compensatory damages for fraud, $1.5 million in punitive damages for fraud and $4,750 in compensatory damages for breach of contract).

13. Plaintiff has made specific factual allegations that, combined with reasonable inferences and reasonable extrapolations, establish that the amount in controversy in this case exceeds the jurisdictional minimum. *Pretka*, 608 F. 3d 753-54. While Defendant denies that the Plaintiff is entitled to any recovery whatsoever, the amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by the allegations in the Complaint and the exercise of good sense and

experience. If Plaintiff contests Defendant's allegations that the requisite amount in controversy is present, Defendant requests the opportunity for both sides to submit proof so that the Court can decide, by a preponderance of the evidence whether the requirements have been satisfied. *See Dart*, 135 S. Ct. at 554.

14. The matter in controversy exceeds $75,000 exclusive of interest and costs. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

15. This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

16. Notice of this Removal is being filed with the Clerk of the Circuit Court of Russell County, Alabama as provided by law. A true and correct copy of Defendant's Notice of Filing Notice of Removal is attached to, incorporated with and marked as **Exhibit D** to this Notice of Removal.

17. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of this Court's jurisdiction.

18. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Dolgencorp's right to assert any defense or affirmative matter including any procedural or substantive defense available.

19. For these reasons, Defendant prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court,

make the proper orders to achieve the removal of this case from the Circuit Court of Russell County, Alabama to this Court, and exercise jurisdiction over this matter.

**Respectfully submitted this the 9th day of November, 2021.**

/s/ Rick E. Smith
Rick D. Norris [NOR034]
Richard E. Smith [SMI105]
Richard M. Thayer [THA011]

*Attorneys for Defendant*
*Dolgencorp, LLC*

**OF COUNSEL:**

**CHRISTIAN & SMALL, LLP**
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
Email: rdnorrs@csattorneys.com
rmthayer@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action via CM/ECF, electronic mail and/or U.S. Mail, first-class postage prepaid and properly addressed as follows:

Aryn M. Sedore [SED004]
**SLOCUMB LAW FIRM, LLC**
61 South Joseph Street, Suite 902
Mobile, Alabama 36602
Telephone: (251) 230-7595
Facsimile: (251) 521-8036
Email:

*Attorney for Plaintiff*

**Done this the 9th day of November, 2021.**

/s/ Richard E. S―
**OF COUNSEL**