IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

SHENORYA WOMACK,                          )
                                          )
    Plaintiff,                           )
                                          )
    v.                                   )    CIVIL CASE NO. 3:21-cv-755-ECM
                                          )                  (WO)
DOLGENCORP, LLC, *et al.*,                )
                                          )
    Defendants.                          )

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

Plaintiff Shenorya Womack ("Womack")  initiated this suit on October 1, 2021, by filing a complaint in the Circuit Court of Russell County, Alabama against Defendant Dolgencorp, LLC ("Dolgencorp"). (Doc. 1-1).[1]  Womack alleges that on or about October 13, 2019, she was injured when she slipped and fell in a store owned and operated by Dolgencorp in Hurtsboro, Alabama. (*Id*. at 2).  Womack claims that her injuries are the result of Dolgencorp's negligence and/or wantonness and she seeks compensatory and punitive damages. *Id.* at 3-4.

Dolgencorp subsequently removed this case from state court on the basis of diversity jurisdiction.  28 U.S.C. §§ 1332 and 1441.  Womack is a citizen of the State of

---

[1] The Court refers to the document and page numbers generated by CM/ECF.

Alabama, and the notice of removal asserts that Dolgencorp is a limited liability company organized under the laws of the state of Kentucky with its principal place of business in Tennessee.  The sole member of Dolgencorp LLC is DolgencorpLLC-Teneessee, which is domiciled and located in Tennessee.

Although Womack seeks damages, her complaint does not specify an amount of damages.  In its notice of removal, Dolgencorp alleges that the Court has jurisdiction over this matter because the parties are citizens from different states and "the attorney representing Shenorya Womack . . . sent the Defendant a settlement demand letter with over 200 pages of medical records attached . . . [and] made a settlement demand of $115,000."  (Doc. 1 at 5, para. 10).

On November 29, 2021, the Plaintiff filed a motion to remand (doc. 7) which is opposed by Dolgencorp. (Doc. 10).  The motion to remand is fully briefed, under submission, and ready for resolution without oral argument.  Upon consideration of the motion, and for the reasons that follow, the Court concludes that the motion to remand is due to be DENIED.

## II.  STANDARD OF REVIEW

In examining the issue of jurisdiction upon which the Defendant premises removal, the Court is mindful of the fact that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  "They possess only that power authorized by Constitution and statute."  *Dudley v. Eli Lilley & Co.*, 778 F.3d 909, 911 (11th Cir.

2014) (quoting *Kokkonen*, 511 U.S. at 377).  Congress has empowered the federal courts to hear cases removed by a defendant from state to federal court if the plaintiff could have brought the claims in federal court originally.  *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

To establish diversity jurisdiction, the removing party must not only demonstrate that the parties are completely diverse, but, where the amount in controversy is not evident from the face of the complaint, that the amount in controversy exceeds the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752–54 (11th Cir. 2010).

Furthermore, removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Burns*, 31 F.3d at 1095 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").  Any questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand.

### III.  DISCUSSION

Dolgencorp removed this case on the basis of diversity jurisdiction.  The parties do not dispute that there is complete diversity between them—Womack is a citizen of Alabama, and Dolgencorp is considered a citizen of Tennessee.  Relying on the Plaintiff's pre-suit demand letter dated January 6, 2021, Dolgencorp argues that the demand letter establishes that the amount in controversy exceeds $75,000.  (Doc. 1 at 5, para. 10).

Womack, in her motion to remand, argues that "the pre-suit demand was from another lawyer," and attaches an affidavit in which she agrees to "neither seek nor accept damages in excess of $75,000." (Doc. 7 at 2, paras. 4–5).

The complaint does not state an amount of damages. Where the amount in controversy is not evident from the face of the complaint, the removing party must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332. *Pretka*, 608 F.3d at 752. Because the Plaintiff did not specify an amount of damages in her complaint, and because the Defendant removed this case within thirty (30) days of receipt of the complaint, Dolgencorp must establish by a preponderance of the evidence that the amount in controversy is met at the time the case was removed to this court. The Plaintiff argues the jurisdictional amount is not met because she has agreed to limit her damages.

In its notice of removal, Dolgencorp attached a pre-suit demand letter from counsel representing Womack, dated January 6, 2021, that offers to settle all of her claims for $115,000. (Doc. 1-4 at 5). The letter describes in detail Womack's injuries, her medical treatment and expenses, and the effects of the fall on Womack.

> Ms. Womack has difficulty performing activities of daily living. The injuries are affecting her ability to bend, climb stairs, lift heavy objects, sleep, sit or do any activities for prolonged periods of time. She struggles to care for her 8 year old autistic son (who is considered a flight risk) and elderly mother. Her inabilities to play basketball, participate in nature walks with her 3 children, and teach homeschool activities are troublesome. Ms. Womack's work and personal relationships were also affected by her injuries which lead to depression and

formed unhealthy eating habits.  These injuries are a result of
her slip and fall accident.

(*Id*.).

Counsel for Womack informed Dolgencorp that he intended to seek general
damages for "pain and suffering" on behalf of his client.  (*Id*. at 4).  He listed Womack's
injuries, diagnoses and treatments.  (*Id*. at 2-4).  He painstakingly describes her injuries
and her prognoses.  The demand letter enumerates Womack's medical expenses which, as
of January 6, 2021, were $12,813.59.  (*Id*. at 4-5).  The letter further states that Womack
will continue to have medical expenses associated with her injuries, and her ability to earn
wages is diminished.  (*Id*. at 5).

A settlement demand can constitute an 'other paper' within the meaning of 28
U.S.C. § 1446(b). *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir.
2007). And "[w]hile [a] settlement offer, by itself, may not be determinative, it counts for
something." *Burns*, 31 F.3d at 1097.  Womack discounts the import of her pre-suit demand
letter because it was sent by another attorney.  Nonetheless, the Plaintiff's demand letter
sets forth in detail her injuries, treatment, medical expenses, and damages.  It meticulously
explains the nature of Womack's injuries and how her injuries support damages in the
amount of $115,000.  This is not a case where the Plaintiff made conclusory or boilerplate
allegations.  The comprehensive description of injuries, medical treatment and damages
moves this case from the realm of puffery and posturing into a concrete assessment of
damages.

> So, plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth.  We will not assume—unless given reason to do so—that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case.  Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception.  We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.

*Burns*, 31 F.3d at 1095.  The Court credits counsel's assessment of the case as valued at $115,000, an amount of which more than exceeds the Court's jurisdictional prerequisite.

In *Roe v. Michelin N. Am., Inc.*, the Eleventh Circuit held that, when a case is removed on the basis of an initial complaint that does not plead a specific amount of damages, the removing defendant is required to show by a preponderance of the evidence that more likely than not the amount in controversy exceeds the jurisdictional minimum. 613 F.3d 1058, 1061 (11th Cir. 2010).  Under *Roe*, this Court can apply "judicial experience and common sense" to the allegations of the complaint regarding Womack's injuries and the impact on her ability to function, and determine that, more likely than not, when coupled with her medical expenses, Womack's damages are sufficient to meet the jurisdictional minimum.

Finally, the Plaintiff argues that the Court should consider the jurisdictional amount has not met because she submitted an affidavit averring that she will not seek or accept damages in excess of $75,000.  While the Court has considered the Plaintiff's affidavit, it

does not change the Court's analysis.  "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka,* 608 F.3d at 751.  Thus, while the Court has considered the Plaintiff's affidavit, the question remains whether the amount in controversy was met at the time of removal.  "[T]he jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir. 2000) (quoting *Allen v. R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  Because the Plaintiff's affidavit comes after removal and contradicts rather than elucidates the representations made by her attorney prior to removal, it is of no import to the amount in controversy at the time the complaint was filed and removed to this court.  The fact that the Plaintiff is now willing to limit her damages has no bearing on whether the Defendant has established the amount of controversy by a preponderance of the evidence. The Court concludes that, at the time of removal to this Court, the Defendant, by a preponderance of the evidence, established that the amount in controversy is met, and this Court has jurisdiction.

### IV.  CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the Plaintiff's motion to remand (doc. 7) is DENIED.

DONE this 5th day of January, 2022.


       /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE